JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Naftali Feig, appeals his sentence following conviction in the common pleas court, criminal division, alleging that the trial court improperly failed to merge allied offenses. Upon our review of the arguments of the parties and the record, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} Appellant was represented by counsel prior to the six-count indictment that was handed down against him on October 6, 2004. On that date, he was indicted on five counts of importuning, under R.C.2907.07(C)(2), for internet communications with an FBI agent posing as a minor child; he was further indicted on one count of possession of criminal tools, under R.C. 2923.24(A), for his possession of the computer used to communicate with the FBI agent. The appellant initially entered a plea of not guilty; however, on November 8, 2004, he retracted his plea and entered a plea of guilty to five separate counts of importuning and one count of possession of criminal tools.
 {¶ 3} On December 3, 2004, the appellant filed a memorandum in support of sentencing and a motion to merge allied offenses for sentencing. On December 10, 2004, a House Bill 180 hearing was held; the trial court denied the appellant's motion to merge allied offenses for sentencing and thereafter sentenced him to community control sanctions for a period of five years, 500 hours of community service, court costs, sex offender treatment, a minimum of two Sexaholics Anonymous meetings per week, and required him to seek the guidance of a Sexaholics Anonymous sponsor. The trial court also mandated that the appellant no longer possess or have access to a computer with internet "chat room" capabilities and that he be classified as a sexually oriented offender.
 {¶ 4} At the time of the offenses, the appellant, a 26-year-old male, initiated internet "chat room" conversations of a sexual nature with an undercover FBI agent, whom he believed was a 13-year-old girl ("child"/agent).
 {¶ 5} During his correspondence with the "child"/agent, the appellant created the impression that he was in fact two different people. He used three different internet screen names when communicating with the "child"/agent and, depending upon which screen name he used, he would alternate personalities between a calm individual seeking to experiment sexually and a brash individual using explicit language to pressure the "child"/agent into sexual activity. In addition to using different internet screen names, the appellant also chose two different first names, as well as two different cities of residence, depending upon which screen name he was using.
 {¶ 6} During his numerous "chat room" conversations with the "child"/agent, the appellant repeatedly asked if they could speak over the telephone and if they could meet in person. He also indulged in sexual fantasies with the "child"/agent and asked personal questions regarding anatomy and sexual experience.
 {¶ 7} The record specifically indicates that at all times, the appellant was under the impression that he was communicating with a minor child and acknowledged the age difference between himself and the "child"/agent on several occasions.
 {¶ 8} Throughout their correspondence, the appellant continuously engaged in sexually explicit and highly inappropriate conversations with the "child"/agent, while he used several different approaches to coerce her into a sexual encounter.
 {¶ 9} Appellant now presents this appeal asserting three assignments of error for our review.
 {¶ 10} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO MERGE ALLIED OFFENSES FOR PURPOSES OF SENTENCING WITHOUT CONDUCTING AN EVIDENTIARY HEARING."
 {¶ 11} Here the appellant argues that the trial court erred when it denied his motion to merge allied offenses without first conducting a formal evidentiary hearing. He is incorrect in his contention. Where the trial court has made a determination that the charges against the appellant cannot be merged for purposes of sentencing, the appellant is not entitled to an evidentiary hearing regarding the factual basis concerning the offenses. The Ohio Supreme Court has stated in State v.Rance:
 {¶ 12} "Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.' And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately, or with a separate animus."State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
 {¶ 13} Rance does not mandate that the trial court conduct a formal evidentiary hearing to consider whether crimes should be merged; rather, it requires that the court assess the elements and make a finding. The appellant filed a motion to merge for purposes of sentencing. The trial court held a hearing where it addressed the appellant's motion to merge, then allowed the appellee to respond. Following the hearing, the trial court made a finding that the appellant's crimes could not be merged for purposes of sentencing and denied the motion.
 {¶ 14} The fact that the appellant knowingly, intelligently and voluntarily pleaded guilty to five distinct counts of importuning and one count of criminal tools also lends support to the argument that the charges cannot be merged for purposes of sentencing.
 {¶ 15} The court addressed this issue in State v. Poissant, stating that where an "appellant [has] entered a plea of guilty to the instant offense, [the appellant] thereby [waives] all rights to present evidence to challenge the factual basis underlying the charged offenses. Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does the defendant who commits two separate crimes. Having entered a plea of guilty to two separate counts of rape, appellant cannot now allege that the court should have held an evidentiary hearing to flesh out the facts underlying the crimes." State v.Poissant, Fairfield Cty. App. No. 03-CA-14, 2003-Ohio-4578, citing UnitedStates v. Broce (1989), 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927.
 {¶ 16} On November 8, 2004, the appellant, under the guidance of competent counsel, pleaded guilty to five separate counts of importuning, as well as one count of possession of criminal tools. However, on December 3, 2004, he filed a memorandum in support of sentencing and a motion to merge allied offenses for sentencing. Appellant argues that his motion was timely filed, thus entitling him to a formal evidentiary hearing. However, an appellant cannot first enter a plea of guilty, then later challenge the fact that he did not have a formal hearing regarding the factual basis underlying the offenses to which he has already pleaded guilty. When the appellant pleaded guilty, he waived his right to present evidence challenging the charges of importuning and possession of criminal tools.
 {¶ 17} We find that the appellant was not entitled to a formal evidentiary hearing and that the trial court did not err in denying the his motion to merge allied offenses without first conducting a formal evidentiary hearing. Thus, appellant's first assignment of error is without merit.
 {¶ 18} Since appellant's Assignments of Error II and III are substantially interrelated, we will address them together.
 {¶ 19} "II. PER ARGUENDO, SHOULD THIS HONORABLE COURT DETERMINE THAT AN EVIDENTIARY HEARING WAS NOT REQUIRED TO RULE ON APPELLANT'S MOTION TO MERGE ALLIED OFFENSES FOR PURPOSES OF SENTENCING, THE TRIAL COURT ERRED IN FAILING TO MERGE THE COUNTS OF IMPORTUNING TO WHICH THE DEFENDANT PLEAD GUILTY FOR PURPOSES OF SENTENCING."
 {¶ 20} "III. PER ARGUENDO, SHOULD THIS HONORABLE COURT DETERMINE THAT AN EVIDENTIARY HEARING WAS NOT REQUIRED TO RULE ON APPELLANTS MOTION TO MERGE ALLIED OFFENSES FOR PURPOSES OF SENTENCING, THE TRIAL COURT ERRED IN FAILING TO MERGE FOR THE PURPOSE OF SENTENCING THE COUNT OF POSSESSION OF CRIMINAL TOOLS TO WHICH THE DEFENDANT PLEAD GUILTY INTO THE FIVE COUNTS OF IMPORTUNING FOR PURPOSES OF SENTENCING."
 {¶ 21} An individual seeking to merge allied offenses cannot do so where the court finds that the crimes were committed separately or where there was a separate animus for each crime. When determining whether crimes are separate or whether crimes have a separate animus, R.C.2941.25(A) provides guidance. In State v. Rance, supra, the Supreme Court of Ohio reconsidered the issue of how to apply R.C. 2941.25(A) when determining whether two or more offenses constitute allied offenses of similar import.
 {¶ 22} Under R.C. 2941.25, a two-tiered test is applied to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import, and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
 {¶ 23} Here the appellant argues that all five counts of importuning should be merged into one count because they are allied offenses and were neither committed separately nor with a separate animus. He asserts that the internet conversations involved the same victim and that the conversations were actually one prolonged solicitation, rather than five distinct incidents of importuning. We do not agree with the appellant's contentions.
 {¶ 24} The record indicates that during the appellant's communications with the "child"/agent, he not only initiated conversations on several different dates, but he also used three different screen names and exhibited two very distinct personalities, depending upon which screen name he chose to use.
 {¶ 25} The appellant's first screen name was "forex26." As "forex26," the appellant told the "child"/agent that his name was John and that he lived in South Euclid, Ohio. He took a very calm approach when speaking with the "child"/agent and was interested in sexual experimentation, but reiterated to the "child"/agent that they would only engage in activities that she was comfortable with.
 {¶ 26} The appellant's second screen name was "cleve31." As "cleve31," the appellant told the "child"/agent that his name was Tom and that he lived in Maple Heights, Ohio. As Tom, the appellant took a brash approach with the "child"/agent and was open about the fact that he wanted sexual contact with her. As Tom, the appellant's language was sexually explicit and his behavior deviated greatly from the personality of John.
 {¶ 27} The appellant also used the third screen name, "celeve26200," to arrange a face-to-face meeting with the "child"/agent at the Rocky River Metro Parks. It is clear from the appellant's behavior that his intention was to make the "child"/agent believe he was in fact two different men, rather than one. The appellant wanted to have sexual contact with the "child"/agent, and he employed several methods in the hopes of achieving his goal.
 {¶ 28} Although the counts of importuning are allied offenses, the incidents of importuning were committed on separate occasions with a separate animus. The record provides a detailed time line of the separate instances of importuning. On June 8, 2004, the appellant contacted the "child"/agent twice — once at 3:10 in the afternoon and a second time at 4:55 in the afternoon. The first time the appellant contacted the "child"/agent, he used the screen name "Forex26," while the second time he contacted her, he used the screen name "Cleve31." The appellant even had his earlier conversation with the "child"/agent overlap with the second conversation to truly create the impression that he was two different men.
 {¶ 29} On June 10, 2004, the appellant followed a similar pattern of contacting the "child"/agent twice, first using the screen name "forex26," and when the "child"/agent was not receptive to him, he contacted her a second time using the screen name "Cleve31."
 {¶ 30} On July 14, 2004, the appellant used the screen name "Cleve26200," one which the "child"/agent was completely unfamiliar with. As "Cleve26200," the appellant attempted to get the "child"/agent to recognize him as someone she had talked with before and arranged a face-to-face meeting with her to take place at the Rocky River Metro Parks. The plans regarding the meeting were so detailed that the appellant knew exactly what the "child"/agent planned to wear and gave her details with respect to the car he was going to drive to the park.
 {¶ 31} It is clear that the appellant contacted the "child"/agent on separate occasions and used a different approach each time he contacted her. This court finds that the five counts of importuning should not be merged into one count because each count constitutes a separate crime, exhibiting a separate animus.
 {¶ 32} With respect to the appellant's argument to merge one count of possession of criminal tools with the offenses of importuning, this court also affirms the holding of the trial court. The appellant argues that the crimes should be merged as allied offense because the crime of importuning requires the use of a telecommunications device, which, in this case, was the appellant's computer. The appellant contends that the crime of importuning necessitates the use of a criminal tool, thus, he should not be guilty of both crimes.
 {¶ 33} R.C. 2907.07(C)(2) is the statute that defines importuning, and it specifically refers to the use of a telecommunications device when it states "no person shall solicit another by means of a telecommunications device * * *;" however, R.C. 2923.24 (A), the statute concerning possession of criminal tools, provides us with greater guidance. R.C.2923.24 states "no person shall possess or have under the person's control any substance, device, instrument, or article with the purpose to use it criminally."
 {¶ 34} It is clear that the first step in the R.C. 2941.25 analysis is met. The offenses of importuning and possession of criminal tools have similar elements, thus, they are crimes of similar import. However, when applying the second step in this analysis, it becomes apparent that, although the offenses are allied, they were committed separately with a separate animus, thus, they cannot be merged. In order for the appellant to use his computer to commit the crime of importuning, he first had to possess the computer with the purpose of using the computer criminally. The possession of the computer as a criminal tool is a separate action, requiring a separate animus from using the computer to commit the crime of importuning. Although importuning necessitates the use of a telecommunications device, it does not preclude the appellant from criminal liability for the crime of possession of criminal tools. Thus, the appellant's second and third assignments of error are without merit.
 {¶ 35} This court finds that the trial court did not err in its ruling. The appellant's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., j., concur.