[Cite as *State v. Fowler*, 2014-Ohio-5687.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101101

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVID FOWLER**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED, SENTENCE VACATED,
REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578974-A

**BEFORE:**  Boyle, A.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**  December 24, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Holly Welsh
         Brett Kyker
         Mary McGrath
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1}   Defendant-appellant, David Fowler, appeals his four-year sentence for four counts of importuning.   He raises four assignments of error for our review:

I. The trial court erred by failing to merge all allied offenses of similar import and by imposing separate sentences for allied offenses which violated appellant's state and federal rights to due process and protections against double jeopardy.

II. The trial court erred by imposing consecutive sentences which are contrary to law.

III. The court erred by ordering appellant to pay costs.

IV. The trial court erred by not calculating appellant's jail time credit in this case.

{¶2} Finding merit to his second and third assignments of error, we vacate his sentence and remand for resentencing as set forth in this opinion.

## Procedural History and Factual Background

{¶3}   Fowler was indicted on four counts of importuning, in violation of R.C. 2907.07(D)(2), with a furthermore clause attached to each count stating that he had previously been convicted of a sexually-oriented offense or child-victim-oriented offense.   He pleaded no contest to the indictment as charged.   The trial court accepted his plea and found him guilty.

{¶4}   Before sentencing Fowler, the trial court found that the offenses were not allied offenses of similar import.   It imposed a one-year prison term on each count of importuning, and ordered that the counts be served consecutive to each other.   It further notified Fowler that he would be labeled a Tier III sex offender and be subject to a mandatory term of five years of postrelease control.   It is from this judgment that Fowler appeals.

## Allied Offenses

{¶5} In his first assignment of error, Fowler argues that the trial court erred by not merging his four importuning convictions. He contends that he committed the acts against the same victim with the same animus.

{¶6} When a defendant's conduct results in the commission of two or more allied offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). In determining whether offenses merge, we consider the defendant's conduct. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 44. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id*. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). If we answer both questions affirmatively, then the offenses are allied offenses of similar import and will be merged. *Johnson* at ¶ 50. This court's review of whether two or more offenses are allied offenses is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶7} Here, Fowler was charged with four counts of importuning under R.C. 2907.07(D)(2). R.C. 2907.07(D)(2) provides that

> No person shall solicit another by means of a [computer] to engage in sexual activity with the offender when the offender is eighteen years of age or older and * * * [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

{¶8} Because the elements of the four offenses are the same, we must determine whether the importuning charges were committed separately or with a separate animus.

**{¶9}** After review, we find that Fowler committed the acts separately or with a separate animus. In doing so, we rely on this court's decisions in *State v. Hines*, 8th Dist. Cuyahoga No. 90871, 2009-Ohio-2118, and *State v. Feig*, 8th Dist. Cuyahoga No. 85734, 2005-Ohio-5341. In *Hines*, we held, inter alia, that seven counts of importuning via separate text messages sent within an hour time span did not merge because the defendant committed them with a separate animus. *Id.* at ¶ 41. In *Feig*, we held that multiple importuning counts based on internet "chat room conversations" that occurred on several dates did not merge because the defendant committed them with a separate animus. *Id.* at ¶ 23.

**{¶10}** Fowler argues that these cases are no longer applicable because the *Johnson* test supersedes them. We disagree. In this case, we are only addressing the second step of the allied offenses test, namely, whether two offenses were committed separately or with a separate animus. The second step under *Johnson* is the same as it was under the previous case law. *See Johnson,* 128 Ohio St.3d 153 at ¶ 27, 2010-Ohio-6314 (overruled the holding in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), that set forth that in step one of the allied offenses analysis, courts should compare the statutory elements in the abstract).

**{¶11}** Here, at Fowler's plea hearing, the state placed the predicate facts on the record. Fowler solicited sexual activity from an undercover investigator for the Internet Crimes Against Children Task Force (who he believed was between the ages of 13 and 16 years old) four times via the internet. The four counts related to contact that Fowler made with the undercover agent on September 10, September 11, September 17, and October 1, 2013. Thus, Fowler committed the importuning counts separately or with a separate animus.

**{¶12}** Accordingly, Fowler's first assignment of error is overruled.

<u>Consecutive Sentences</u>

{¶13} In his second assignment of error, Fowler argues that the trial court erred when it sentenced him consecutively on the four counts of importuning.

{¶14} When reviewing the imposition of consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)].'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, quoting R.C. 2953.08(G)(2)(a).

{¶15} R.C. 2929.14(C)(4) requires trial courts to engage in a three-step analysis when imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id*.

{¶16} A trial court is required not only to make the statutory findings required for consecutive sentences at the sentencing hearing, but also to incorporate its findings into its sentencing entry. *Bonnell* at syllabus. *Bonnell* further made clear that "a word-for-word

recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶17} At Fowler's sentencing hearing, the state explained that Fowler had a prior case where he "engaged in chats, Facebook chats, with two undercover investigators with the Ohio Internet Crimes Against Children Task Force." The state said that "one of those investigators was portraying a 13-year-old girl" and "[t]he other was portraying a 14-year-old girl." In this case, Fowler solicited "both individuals for sex, and he ultimately did travel to meet with the 14-year-old for purposes of engaging in sexual activity." Fowler pleaded guilty to a number of counts and was sent to prison for 15 months. The state further explained that Fowler had just gotten released from prison on August 21, 2013, and "[o]n September 7, 2013, he was behind a computer again and he actually again resumed a Facebook conversation with one of the undercover detectives, apparently not realizing that they were the ones who busted him in his previous case."

{¶18} The state also informed the court that "among [Fowler's] Facebook interests, he listed having sex with teen girls." The state also described photos that were found on Fowler's cell phone from the date of the first date sentencing hearing (January 23, 2014) and the date it was continued to (February 12, 2014), which included a number of questionable pornographic images "containing the word teenager."

{¶19} The trial court stated:

> Well, I know, and unfortunately, I'm sure you were given the opportunity last time you went down, you got out of prison, within a few days, you get the same officer, who you were chasing down, thinking she's a teenager. You were sentenced across the hall by Judge Friedland. I don't think you're curable. I'll give you a year on each count consecutive. Consecutive sentences are necessary to protect the public from future crime. You know, but for the fact that this woman was an

investigator, she could have been a teenage — young teenage girl. And under those circumstances, who knows what would have happened. You committed these multiple offenses while — shortly after being released from prison on post release control. Your conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Four years. Sheriff to transport.

**{¶20}** After reviewing the record, we can discern from the trial court's statements that it made two of the required findings under R.C. 2929.14(C)(4). It found "consecutive service is necessary to protect the public from future crime or to punish the offender." It also found two of the three findings (when it was only required to find one of the three) under R.C. 2929.14(C)(4)(a) and (c) "the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense" and that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." But the trial court failed to make the required finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Thus, Fowler's sentence is contrary to law. The state concedes this error.

**{¶21}** Accordingly, we vacate Fowler's sentence and remand the case for resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and, if so, to make the required findings on the record. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 22 (the holding in *Nia* regarding the remand on a consecutive sentence error was not affected by *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659). The trial court is reminded that, according to *Bonnell*, the statutory findings must not only be pronounced in open court, but must also be placed in the journal entry of sentence.

**{¶22}** Fowler's second assignment of error is sustained.

Costs

**{¶23}** In his third assignment of error, Fowler maintains that the trial court erred when it ordered him to pay costs in the sentencing journal entry where it had not imposed costs at the sentencing hearing. The state concedes this error.

**{¶24}** Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against the defendant for such costs, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. It is reversible error, however, for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22. The Ohio Supreme Court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id*. The remedy in such a situation is a limited remand to the trial court for the defendant to seek a waiver of court costs. *Id*. at ¶ 23.

**{¶25}** Accordingly, Fowler's third assignment of error is sustained, and we remand for the limited purpose of allowing him to seek a waiver of court costs before the resentencing hearing (that is already occurring due to the last assignment of error regarding consecutive sentences).

Jail-Time Credit

**{¶26}** In his fourth assignment of error, Fowler contends that the trial court failed to "calculate and provide" four months of jail-time credit to him. Fowler's sentencing entry, however, credits him with 125 days of jail-time credit.

**{¶27}** Accordingly, Fowler's fourth assignment of error is overruled.

**{¶28}** Judgment reversed; sentence vacated; matter remanded for resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and, if so, to make the required findings on the record and to place the findings in the journal entry of sentence. Upon remand, Fowler may also seek a waiver of court costs before the resentencing hearing.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR