[Cite as *State v. Ziska*, 2014-Ohio-4692.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101168**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PATRICK ZISKA

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569007-A

**BEFORE:** Celebrezze, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road
Suite 405
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brett Kyker
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Patrick Ziska, appeals from his 11-year prison term. After a careful review of the record and relevant case law, we reverse appellant's sentence and remand for proceedings consistent with this opinion.

## I. Procedural History

{¶2} On November 29, 2012, the Cuyahoga County Grand Jury returned a 140-count indictment against appellant in Cuyahoga C.P. No. CR-12-569007-A. Counts 1 through 5 charged him with pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2). Counts 6 through 139 charged him with pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1). Count 140 charged him with possession of criminal tools in violation of R.C. 2923.24(A).

{¶3} On January 2, 2013, appellant entered a plea of not guilty to all counts as indicted. On August 27, 2013, he withdrew his not guilty plea and pled guilty to Counts 1 through 100 and Count 140.

{¶4} On February 25, 2014, appellant received a cumulative sentence of 11 years. Specifically, the trial court sentenced him to eight years on Count 1 and three years on Count 2, to run consecutively to each other but concurrently to the court's sentence of eight years on Counts 3 through 100 and one year on Count 140.

{¶5} Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

**{¶6}** In his sole assignment of error, appellant argues that the trial court erred in sentencing him to consecutive sentences.

### Standard of Review

**{¶7}** R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

### Consecutive Sentences

**{¶8}** Under R.C. 2929.14(C)(4), a trial court may impose consecutive multiple prison terms for convictions on multiple offenses where the court makes the necessary statutory findings. This court has interpreted the statute to require that the trial court make separate and distinct findings apart from any findings relating to the purposes and goals of criminal sentencing. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 13. *See also State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.).

**{¶9}** R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} In this case, the state concedes that "the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger [he] poses to the public." We therefore vacate the sentence and remand the case for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings into the court's sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶11} Appellant's sole assignment of error is sustained.

{¶12} Reversed and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR