[Cite as *State v. Fulford*, 2014-Ohio-5436.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101505, 101511, and 101512**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DENNIS FULFORD**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-567594-A, CR-12-569285-A, and CR-12-570001-A

**BEFORE:** Kilbane, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**ATTORNEY FOR APPELLANT**

Patrick S. Lavelle
Van Sweringen Arcade
123 West Prospect Avenue
Suite 250
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brett Hammond
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Dennis Fulford, appeals from the imposition of consecutive sentences following his convictions in three separate cases. The plaintiff-appellee, state of Ohio, concedes that the trial court did not make the factual findings required pursuant to R.C. 2929.14(C)(4) regarding all three cases, and therefore, we reverse and remand the matter for resentencing.

{¶2} On October 15, 2012, appellant was indicted in CR-12-567594-A, on one count of felonious assault with a notice of prior conviction specification, a repeat violent offender specification, and a furthermore clause identifying the victim as a peace officer. He was also charged on two counts of failure to comply with the order or signal of a police officer, one count of receiving stolen property (a motor vehicle), one count of criminal damaging, and one count of possession of criminal tools.

{¶3} On December 11, 2012, appellant was indicted in CR-569285-A on one count of breaking and entering (fifth-degree felony), and one count of petty theft.

{¶4} On January 10, 2013, appellant was indicted in CR-570001-A, on one count of receiving stolen property (a motor vehicle) and one count of failure to comply with the order or signal of a police officer.

{¶5} On April 4, 2013, appellant entered guilty pleas in all three matters. In CR-567594-A, he pled guilty to the count of felonious assault, which was amended to dismiss the furthermore clause, and to one count of failure to comply with the order or signal of a police officer. The remaining charges were dismissed. In CR-569285-A, appellant pled guilty to the charge of breaking and entering, and the remaining charge was dismissed. In CR-570001-A, appellant pled guilty to receiving stolen property and the failure to comply. At this hearing, the

trial court outlined all of the potential penalties for the offenses and then acknowledged that the parties had entered into an agreed sentence of six years.

**{¶6}** The trial court held a sentencing hearing on April 10, 2013. The trial court sentenced appellant to a three-year term in CR-567594-A, a one-year term in CR-569285-A, and a two-year term in CR-570001-A. The court ordered all terms to be served consecutively with one another. Herein, appellant challenges the sentence and assigns the following error for our review:

> The trial court abused its discretion by imposing consecutive sentences without making findings of fact as required by Ohio Revised Code Section 2929.14(E)(4).

**{¶7}** Within this assignment of error, appellant argues that the trial court erred by imposing consecutive sentences without making the factual findings required pursuant to R.C. 2929.14(C)(4).

**{¶8}** Pursuant to R.C. 2953.08(G)(2), in reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the reviewing court must determine whether it "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law." The reviewing court may then "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for re-sentencing." R.C. 2953.08(G)(2). *See State v. Hammond*, 8th Dist. Cuyahoga No. 100656, 2014-Ohio-4673, ¶ 7; *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 11.

**{¶9}** Pursuant to R.C. 2929.14, a trial court may impose consecutive sentences if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or

to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id*.

**{¶10}** The state concedes that in this matter:

[T]he trial court was required to find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court never made this factual finding and therefore the State concedes that the trial court erred by imposing consecutive sentences without making the required factual findings. Accordingly, the appropriate remedy is for this Court to remand this case to the trial court for the limited purpose of determining whether the trial court can make the appropriate factual findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences. *State v. Nia*, 8th Dist. [Cuyahoga] No. 99387, 2014-Ohio-2527.

**{¶11}** We have independently reviewed the record and we agree that the trial court did not make the findings necessary under R.C. 2929.14(C)(4). We therefore reverse the sentence and remand the matter for the limited purpose of having the trial court consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and to incorporate those findings into the court's sentencing entry. *State*

*v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; *State v. Ziska*, 8th Dist. Cuyahoga No. 101168, 2014-Ohio-4692.

**{¶12}** Appellant's sole assignment of error is sustained.

**{¶13}** Judgment is reversed and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR