[Cite as *Beachwood v. Chatmon*, 2015-Ohio-425.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 101767 and 101768

---

## CITY OF BEACHWOOD

### PLAINTIFF-APPELLEE

vs.

## GLEN CHATMON

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED, VACATED AND REMANDED

---

Criminal Appeal from the
Shaker Heights Municipal Court
Case Nos. 12-CRB-00414 and 13-CRB-00496

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEY FOR APPELLANT**

Myron P. Watson
420 Lakeside Place
323 W. Lakeside Avenue
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Thomas F. Greve
Matty, Henrikson & Greve L.L.C.
55 Public Square, Suite 1775
Cleveland, Ohio 44114

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Glen Chatmon appeals the trial court's imposition of consecutive sentences after he entered no contest pleas to charges of theft in two cases in the Shaker Heights Municipal Court. Chatmon contends that the trial court erred in sentencing him without his counsel being present and by imposing consecutive sentences without making the factual findings required pursuant to R.C. 2929.14(C)(4). Plaintiff-appellee the city of Beachwood concedes that the trial court did not make the factual findings required pursuant to R.C. 2929.14(C)(4). We, therefore, reverse the trial court's judgment, vacate Chatmon's sentences and remand the matter for resentencing.

**Procedural Background**

**{¶2}** On May 2, 2012, Chatmon was charged in Shaker Hts. M.C. No. 12-CRB-00414 with theft in violation of R.C. 2913.02, and on June 11, 2013, was charged in Shaker Hts. M.C. No. 13-CRB-00496 with theft in violation R.C. 2913.02(A)(1) in complaints filed in the Shaker Heights Municipal Court.

**{¶3}** On January 7, 2014, Chatmon entered no contest pleas in both matters. On July 14, 2014, the trial court conducted a sentencing hearing. Chatmon was not represented by counsel at the sentencing hearing. Although Chatmon claims he had counsel, there is no record of any appearance by counsel on behalf of Chatmon in these cases. On each theft count, the trial court imposed a $600 fine ($300 of which was suspended) and sentenced Chatmon to a six-month jail term, to be served consecutively, for a total jail term of one year. The trial court also sentenced Chatmon to five years inactive probation. The trial court made no findings on the record during the sentencing hearing supporting its imposition of consecutive sentences. With regard to its imposition of consecutive sentences, the trial court stated only: "I need —

just so you guys know, any time we have consecutive sentences, we have to justify my (inaudible). I put in, I did put my reason." In its July 15, 2014 judgment entries regarding the sentencing, the trial court stated that consecutive sentences were imposed "due to continuing criminal activity."

{¶4} Chatmon timely appealed, challenging his sentence and raising the following assignments of error for our review:

> Assignment of Error No. I:
> The trial court erred and abused its discretion by proceeding with a sentencing hearing without appellant's counsel and sentencing him to a jail term.

> Assignment of Error No. II:
> The trial court erred and abused its discretion when it imposed maximum and consecutive sentences for two misdemeanor offenses without making the requisite findings.

Chatmon's second assignment of error is dispositive of this appeal.

**Legal Analysis**

{¶5} In his second assignment of error, Chatmon argues that the trial court erred when it imposed consecutive sentences on the two theft offenses without making the factual findings required pursuant to R.C. 2929.14(C)(4).

{¶6} R.C. 2929.14(C)(4) requires that a trial court engage in a three-step analysis prior to imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

**{¶7}** In order to impose consecutive terms of imprisonment, a trial court must both (1) make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and (2) incorporate those findings into its sentencing entry. *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶8}** In this case, no findings supporting the imposition of consecutive sentences were made on the record during the sentencing hearing, and the sole finding referenced in the sentencing entry — that consecutive sentences were imposed "due to continuing criminal activity" — was insufficient to support the imposition of consecutive sentences under R.C. 2929.14(C)(4). As a result, Chatmon's consecutive sentences are contrary to law. The city concedes this error.

**{¶9}** Accordingly, we vacate Chatmon's sentence and remand the case for resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and, if so, to make the required findings on the record. *See State v. Fowler*, 8th Dist. Cuyahoga No. 101101, 2014-Ohio-5687, ¶ 20-21; *State v. Fulford*, 8th Dist. Cuyahoga Nos. 101505, 101511, and 101512, 2014-Ohio-5436, ¶ 11. In accordance with *Bonnell*, the required statutory findings, if any, must both be pronounced in open court and also be placed in the sentencing journal entry. *Bonnell* at syllabus. Chatmon's second assignment of error is sustained. Based on our disposition of Chatmon's second assignment of error, his first assignment of error is moot.

**{¶10}** Judgment reversed; sentences vacated; matter remanded for resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and, if so, to make the required findings on the record and to place the findings in the sentencing journal entry.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the muncipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MARY J. BOYLE, J., CONCUR