[Cite as *State v. Alexander*, 2016-Ohio-204.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102708

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### ANTONIO ALEXANDER

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-559220-B

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 21, 2016

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road #613
Cleveland, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Andrew J. Santoli
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} In 2013, Antonio Alexander pleaded guilty to, among other counts irrelevant to the current appeal, a misdemeanor child endangerment offense and a misdemeanor offense of disseminating matter harmful to a juvenile. The court placed him on community control, with the advisement that any violation could lead to a sentence to be served consecutive to the other. After finding Alexander in violation of the terms of his community control sanctions, the trial court sentenced him to six months on each misdemeanor count, to be served consecutive to the other but credited him with 34 days of time served. Alexander's sentences on the remaining counts are to be served concurrently. His aggregate jail sentence is one year. In a single assignment of error, Alexander complains that the trial court failed to make the R.C. 2929.14(C)(4) findings required before the imposition of consecutive sentences.

{¶2} We find no merit to the assigned error. R.C. 2929.14(C)(4) does not apply to a conviction that includes consecutive service of misdemeanor jail terms. R.C. 2929.41(B) authorizes consecutive service of jail terms up to 18 months without findings.

{¶3} R.C. 2929.41(A) provides as follows:

*Except as provided in division (B) of this section*, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, *a prison term, jail term, or sentence of imprisonment shall be served concurrently* with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(Emphasis added.) There are only three exceptions to the concurrent service of jail or prison terms, or a sentence of imprisonment: (1) for misdemeanor sentences pursuant to R.C. 2929.41(B); (2) for felony prison terms pursuant to R.C. 2929.14(C)(4); or (3) for sentences for

certain violent sex offenses pursuant to R.C. 2971.03. In consideration of the fact that the second and third exceptions are inapplicable to the current case, our review is necessarily limited to R.C. 2929.41(B) and whether the imposition of consecutive jail terms for misdemeanors was an exception to the general rule of concurrent sentences.

> **{¶4}** A trial court is authorized to impose misdemeanor jail sentences to be served consecutively pursuant to R.C. 2929.41(B). *State v. Mitchell*, 8th Dist. Cuyahoga No. 101542, 2015-Ohio-1146, ¶ 14, citing *State v. Barker*, 8th Dist. Cuyahoga No. 99320, 2013-Ohio-4038, ¶ 22. R.C. 2929.41(B) provides as follows: A *jail term or sentence of imprisonment for a misdemeanor shall be served consecutively* to any other prison term, jail term, or sentence of imprisonment *when the trial court specifies that it is to be served consecutively* or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.
>
> When consecutive sentences are imposed for misdemeanor under this division, the
>
> term to be served is the aggregate of the consecutive terms imposed, except that
>
> the aggregate term to be served shall not exceed eighteen months.

(Emphasis added.) Upon a plain reading, and in contrast to consecutive prison terms pursuant to R.C. 2929.14(C)(4), the statute authorizes trial courts to order consecutive service of jail terms for misdemeanor offenses up to 18 months without making findings.

{¶5} In support of his argument that the R.C. 2929.14(C)(4) findings are required before imposing misdemeanor jail terms to be served consecutively, Alexander relies on *Beachwood v. Chatmon*, 8th Dist. Cuyahoga Nos. 101767 and 101768, 2015-Ohio-425, in which a panel from this court reversed a conviction because the findings pursuant to R.C. 2929.14(C)(4) were not included. In *Chatmon*, however, the state conceded that the findings were required and lacking. *Id.* at ¶ 1. Although this concession was improvidently accepted, the concession nonetheless limits any authoritative value of that panel's decision. The majority opinion was devoid of any discussion involving the applicability of R.C. 2929.41(B) and the inapplicability of R.C.

2929.14(C)(4) in reviewing the imposition of consecutive service of misdemeanor jail terms. As such, *Chatmon* does not stand for the proposition that courts apply R.C. 2929.14(C)(4) notwithstanding R.C. 2929.41(B), as Alexander argues. *Chatmon* is distinguishable and accordingly must be limited in application.

{¶6} Contrary to the Alexander's position, R.C. 2929.14(C)(4) is limited to the imposition of consecutive "prison terms" and is not applicable to the current case. *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, ¶ 7; *State v. Maloney*, 12th Dist. Clermont No. CA99-01-006, 1999 Ohio App. LEXIS 4600, *7 (Sept. 27, 1999); *State v. Kroger*, 12th Dist. Clermont No. CA99-05-050, 2000 Ohio App. LEXIS 1393 (Apr. 3, 2000). "Prison" is defined as a residential facility used for the confinement of convicted felony offenders under the control of the Department of Rehabilitation and Correction. R.C. 2929.01 (AA). On the other hand, "jail term" is defined as a jail sentence imposed pursuant to the misdemeanor sentencing statute, R.C. 2929.24. Prison and jail are two separate types of imprisonment.

{¶7} In this case, Alexander's sentence included consecutive service of two six-month jail terms pursuant to R.C. 2929.41(B)(1). R.C. 2929.14(C)(4), the statutory section authorizing the imposition of consecutive service of prison terms, is not applicable. The trial court was not required to make the R.C. 2929.14(C)(4) findings prior to ordering consecutive service of the misdemeanor jail terms. We overrule the sole assigned error and affirm Alexander's conviction.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR