[Cite as *State v. Ziska*, 2016-Ohio-390.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102798

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**PATRICK ZISKA**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569007-A

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 4, 2016

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, OH 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brett Kyker
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Patrick Ziska, appeals from his resentencing on February 25, 2015, during which the trial court imposed a consecutive sentence of 11 years' imprisonment. For the reasons that follow, we affirm.

Procedural History

{¶2} On November 29, 2012, Ziska was charged in a 140-count indictment. Counts 1 through 5 charged him with pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2). Counts 6 through 139 charged him with pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1). Count 140 charged him with possession of criminal tools in violation of R.C. 2923.24(A).

{¶3} On August 27, 2013, he withdrew his original not guilty plea and pleaded guilty to Counts 1 through 100 and Count 140. On February 25, 2014, the trial court sentenced him to eight years on Count 1 and three years on Count 2, to run consecutively to each other but concurrent to the court's sentence of eight years on Counts 3 through 100 and one year on Count 140. Ziska appealed his sentence. On October 23, 2014, this court found that the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public. We therefore vacated the sentence and remanded the case for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings into the court's sentencing entry. *See State v. Ziska*, 8th Dist. Cuyahoga No. 101168, 2014-Ohio-4692.

{¶4} On remand, the trial court held a resentencing hearing. At this time, the court sentenced Ziska to the same aggregate 11-year prison sentence, making all of the required

consecutive sentence findings. Ziska now appeals this sentence, assigning one error for our review claiming that his sentence is clearly and convincingly not supported by the record and is contrary to law.

## The Sentence

**{¶5}** In his sole assignment of error, Ziska claims that his sentence is contrary to law and not supported by the record. Specifically, he alleges that the record does not support the imposition of consecutive sentences. In support of his argument, Ziska contends that the trial court did not properly consider the statutory sentencing factors, including his mental health issues and the likelihood of reoffending.

**{¶6}** R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate court's standard for review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [a reviewing court] may vacate the sentence and remand the matter to the sentencing court for re-sentencing."

**{¶7}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22.

**{¶8}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court is not, however, required to state its reasons to support its findings, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Id.* at ¶ 37. The failure to make consecutive sentence findings is contrary to law. *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 4.

**{¶9}** In this case, Ziska does not allege that the court failed to make the consecutive sentence findings. Rather, he asserts that the record does not support the findings. Our review of a claim that the record does not support the trial court's findings under R.C. 2929.14(C)(4) is "'extremely deferential.'" *Balbi* at ¶ 5, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

**{¶10}** Here, the record demonstrates that the trial court made the requisite consecutive sentence findings:

You need to understand, Mr. Ziska, that from the court's perspective, at least two of the multiple offenses were committed as part of one or more course of conduct.

And the harm caused by two or more of the multiple offenses so committed was so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of your conduct in this particular case.

And I'm specifically going to refer to the fact that this was an ongoing course of conduct for quite a few years, including a full FBI search and then, of course, an ICAC search, which ultimately brought you here.

* * *

So once again, as I'm reviewing this case, I want to make some additional findings.

One of which is that consecutive sentences as it relates to this case, Mr. Ziska, are necessary to both protect the public from future crime and to punish you, and they are not disproportionate to the seriousness of the offender's conduct and the danger in which the offender poses to the public here.

So I have already indicated to you that these offenses were committed as part of one or more of a course of conduct; that the harm that was caused by two or more of the multiple offenses so committed was so great or unusual, that no single prison term, literally no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of this offender's conduct.

{¶11} The record also shows that prior to making its findings, the court noted that it reviewed, and incorporated into the resentencing hearing, the following:  the sentencing memorandum submitted by defense counsel; the transcript of the original plea hearing and the original sentencing; statements from Ziska and Ziska's parents; letters of support from "family members, priests, and a number of other people"; certificates of completion "for items he has done during the course of his custody"; and additional information submitted by Ziska, which included "mitigation materials" from Dr. Jensen.

**{¶12}** The record further shows that the court heard statements from the prosecutor, Ziska and his counsel, and Ziska's mother.

**{¶13}** The prosecutor, in outlining the underlying facts of the case, provided that on December 7, 2011, an investigator with the Ohio Internet Crimes Against Children ("ICAC") task force identified a computer in Ziska's residence "as being a download candidate for 399 files of child pornography on the E-Donkey 2000 file sharing network." The task force's investigation initially revealed three complete child pornography files and three partial child pornography files on Ziska's computer. Based upon the initial downloads, the task force obtained a search warrant, which was executed on March 15, 2012. While in the process of executing the search warrant, the investigators learned that the FBI had executed a search warrant of Ziska's residence three years earlier, which involved the sharing of child pornography on the Gigatron network. Through further investigation, the ICAC discovered an additional computer, an eMachine laptop, that was located under a couch in Ziska's home. That computer revealed 43 images of child pornography, 310 videos of suspected child pornography, and 26 movies with titles "indicative of child porn." Due to the large number of files involved, the task force did not conduct a full forensic examination. According to the forensic examiner, the partial examination, however, revealed an estimated 2,000 to 3,000 files that could be suspected child pornography.

**{¶14}** The prosecutor further noted that the files that were discovered prior to the search warrant, as charged in Counts 1 through 5, were files that Ziska had shared on a file-sharing network. The files addressed in Counts 6 through 139 pertained to separate files that Ziska downloaded or otherwise saved to the eMachine laptop computer between October 1, 2011, and February 14, 2012. All of the files depicted minors engaging in sexual activity, masturbation,

or bestiality. And some of the videos contained children identified by the National Center for Missing and Exploited Children as children who had previously been rescued by law enforcement.

{¶15} Defense counsel next addressed the court, asking that it take into consideration Ziska's mental health issues, namely his diagnosis of Asperger syndrome. Referring to the report prepared by Dr. Jensen and submitted by defense counsel on Ziska's behalf, counsel stated that Ziska exhibits the behavior of a 12- or 13-year old child. Counsel also stated that Ziska "has a tough time * * * grasping the reality of what he's doing." Counsel explained that due to Ziska's mental health issues, Ziska did not believe his actions were wrong when the FBI investigated but did not immediately charge him for any crime. Finally, counsel asserted that the likelihood of Ziska reoffending is low because the court has previously banned Ziska from computer use and he will not have access to computers in prison.

{¶16} Thereafter, the court engaged in a discussion with Ziska. It inquired about the federal prison in which Ziska is presently located, spoke to Ziska about his original sentencing hearing, and discussed Ziska's medical diagnosis, as well as Ziska's academic success.[1] Noting his successful placement in a robotics competition in high school, the court stated that Ziska "did a number of things with [his] mind that most of us could never even conceive of doing" and that he was "very successful in that aspect of [his] life."

{¶17} The court then asked Ziska why he continued to download child pornography after the FBI raided his home in 2009, to which Ziska replied, "I don't know why I continued. I really do think it was just that I didn't think I did anything wrong." The court then reminded

---

[1] Ziska is currently serving a prison term in FCI Elkton, Federal Correctional Institution.

Ziska that when asked the same question at the initial sentencing hearing, Ziska replied that he did not get caught.   Thereafter, the following dialogue ensued:

> Court:  So even if I'm taking into consideration the idea that your development [is that of] a 12 or 13-year old, coupled with your psychological condition, meaning your [Asperger syndrome], having [Asperger syndrome] doesn't mean that you don't know the difference between right and wrong.   Neither does being 12 or 13, so when I asked you the question originally, you said, Judge, I just didn't get caught. * * * I mean, the doctors didn't say that having [Asperger syndrome] makes you a liar.   Fair enough?

> Ziska:        Yes, ma'am.

> Court:  And again, having a mentality or an age reached socialization at the age of 12 or 13 doesn't change the fact that even at that age, you were aware that you've done something wrong, correct?

> Ziska:        Yes, ma'am.

**{¶18}** The trial court then heard from Ziska's mother, who provided that Ziska had not received the services he should have received during his developmental years in order to help with socialization.

**{¶19}** The court noted that it considered all of the required factors under R.C. 2929.11, 2929.12, and 2929.13.   The court found that Ziska is not amenable to community control sanctions, and it imposed the same sentence it had imposed at the original sentencing.

**{¶20}** In light of the foregoing, we cannot clearly and convincingly find that the record does not support the court's findings that consecutive sentences are necessary to protect the public from future crime or to punish Ziska and that consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he poses to the public.

**{¶21}** Child pornography is not a victimless crime.   In fact, in this case, some of the videos Ziska had downloaded or saved to his laptop computer contained children specifically

identified by the National Center for Missing and Exploited Children as children who had previously been rescued by law enforcement. The record shows that Ziska's computer laptop likely contained in excess of 2,000 to 3,000 images of suspected child pornography, which included 43 images of child pornography, 310 videos of suspected child pornography, and 26 movies with titles indicative of child pornography. And each time an image or video was viewed, downloaded, or shared, the children were victimized all over again. Also, due to the sheer quantity of files discovered on Ziska's computers, the task force did not conduct a full forensic examination.

{¶22} Moreover, Ziska's involvement with child pornography spanned several years. He was initially investigated by the FBI in 2009 and then again in 2012 by Ohio's ICAC task force. Despite being investigated by the FBI in 2009, the record demonstrates that Ziska continued to view or download child pornography in the years that followed, using a different file-sharing network in 2012. Arguably, Ziska changed the network after the FBI investigation in order to avoid detection.

{¶23} Finally, despite having been diagnosed with Asperger syndrome, asserting that he has the social behavior skills of a 12 or 13-year old child, and failing to receive treatment he could conceivably have received as a child, the record shows that Ziska is intelligent, has had academic success, and knows the difference between right and wrong. And when the court asked Ziska why he continued to view child pornography following the FBI's investigation in 2009, he initially advised the court that it was because he believed that he had not been caught. For these reasons, Ziska's consecutive sentence is not contrary to law.

{¶24} Under *Bonnell*, however, the trial court must also incorporate its consecutive sentence findings into its sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16

N.E.3d 659, at syllabus.   Our review of the record demonstrates that the trial court's sentencing entry does not include the consecutive sentence findings.   The trial court's omission is a clerical mistake and may be corrected through a nunc pro tunc entry.   *Bonnell* at ¶ 30.

{¶25} Ziska also contends that the trial court did not properly consider the statutory sentencing factors.   Specifically, he claims that his Asperger syndrome diagnosis constitutes a significant mitigating factor, stating that he did not comprehend the nature of his conduct in 2009 until he was actually charged with a crime several years later.   Ziska also claims that "several factors * * * suggest that [he] is unlikely to reoffend," stating that he has led a law-abiding life, he can now be treated for his condition, and he will no longer have access to computers.

{¶26} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range."   *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶27} R.C. 2929.11(A) provides that those purposes "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."   The factors under R.C. 2929.12(A) include the seriousness of the offender's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."   Among these sentencing factors, the court must consider the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the

physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). Additionally, the court must consider any mitigating factors listed in R.C. 2929.12(C)-(F).

{¶28} Although the trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52; *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. This court has held that a trial court's statement in its sentencing entry that it considered the required statutory factors, without more, is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *Gonzalez* at ¶ 7.

{¶29} Here, our review of the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12. The court reviewed the sentencing memorandum submitted by defense counsel, the transcript of the original plea hearing and the original sentencing, statements from Ziska and Ziska's parents, letters of support from friends and family, and evidence of mitigation submitted by Ziska, which included an evaluation from Dr. Jensen outlining Ziska's mental health condition.

{¶30} Additionally, the court heard statements from the following: the prosecutor, who outlined the facts underlying the 140-count indictment involving thousands of files containing

child pornography; defense counsel, who urged the court to consider Ziska's mental health issues; and Ziska's mother, who addressed the court regarding Ziska's need for treatment. The court also engaged in a colloquy with Ziska, during which the court inquired about Ziska's actions, his mental capacities, his Asperger syndrome diagnosis, and his ability to comprehend the nature of his actions. Finally, prior to imposing sentence, the court stated in open court that it considered all of the required statutory factors and found that Ziska was not amenable to community control sanction. The court reiterated in its sentencing entry that it considered "all required factors of law [and] finds that prison is consistent with the purpose of R.C. 2929.11."

{¶31} To the extent that Ziska contends that the trial court failed to give enough weight to the mitigation offered by Dr. Jensen's report, or did not sufficiently consider the statutory factors, his argument fails.

{¶32} In considering the relevant statutory factors, the sentencing court has the discretion to weigh the particular statutory factors as it deems appropriate. *State v. Pluhar*, 8th Dist. Cuyahoga No. 102012, 2015-Ohio-3344, ¶ 19; *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 11, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). The reviewing court therefore has "no jurisdiction to consider whether the court abused its discretion in how it applied the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *Booker*, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 17; *State v. Martinez*, 8th Dist. Cuyahoga No. 101474, 2015-Ohio-1293, ¶ 30.

{¶33} In light of the foregoing, it is evident from the record that the trial court considered the purposes and principles of sentencing, the seriousness and recidivism factors, and all relevant

sentencing factors prior to the imposition of sentence. In this regard, Ziska's sentence is therefore not clearly and convincingly contrary to law.

**{¶34}** Ziska's sole assignment of error is overruled.

**{¶35}** Judgment affirmed. We remand to the trial court for the limited purpose of incorporating, nunc pro tunc, the consecutive sentence findings made at sentencing into the court's entry. *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR