DECISION.
{¶ 1} Again we venture into the sentencing wonderland created by the legislature and the Ohio Supreme Court. Those two entities, albeit with the added help of the U.S. Supreme Court, have created law only Rod Serling could have imagined. A slew of badly drafted, conflicting, and confusing legislation has now been interpreted into the twilight zone.
 {¶ 2} This case deals with misdemeanors, not felonies, so one might think that the latest machinations would not apply. Oh well.
 {¶ 3} Defendant-appellant Jason Miller was indicted for one felony and one misdemeanor. A plea bargain resulted in his pleading guilty to two first-degree misdemeanors of assault.[1] The trial court imposed consecutive, maximum 180-day sentences.
 {¶ 4} Miller contests his sentence, alleging that the trial court erred in sentencing him to jail rather than community control, and that the maximum sentences were inappropriate.
 {¶ 5} The state agrees that the case should be remanded for resentencing in light of State v. Foster.[2]
 {¶ 6} Though this case involves misdemeanors, R.C. 2929.22(C) is analogous to the felony provision for maximum sentences, R.C.2929.14(C), when it limits maximums for misdemeanors to "offenders who commit the worst forms of the offense" or "whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." The language is not identical, but it's close enough. Thus a misdemeanor offender can only be sentenced to a 180-day sentence if one of those factors apply, but otherwise can be sentenced to 179 days.
 {¶ 7} While this appeal was pending, the Ohio Supreme Court ruled in State v. Foster that R.C. 2929.14(C) is unconstitutional.[3] That court held that because R. 2929.14(C) requires "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant,"[4] it violatesBlakely v. Washington.[5] Obviously, that reasoning would apply as well to the part of R.C. 2929.22(C) dealing with maximum sentences, which requires the same factfinding. Thus the second sentence of R.C 2929.22(C) is also unconstitutional.
 {¶ 8} The Ohio Supreme Court's remedy was to sever R.C.2929.14(C) as unconstitutional and to keep the remaining unaffected provisions of the sentencing statutes. That is, it has severed the head and assumed the body lives.
 {¶ 9} Thus the second sentence of R.C. 2929.22(C) is unconstitutional, and because Miller was sentenced under an unconstitutional statute, he must be resentenced. Of course, since that part of R.C. 2929.22(C) no longer applies, Miller can be sentenced according to the general misdemeanor statutes, including the balance of R.C. 2929.22(B).
 {¶ 10} Reluctantly, we must vacate the sentence and remand for resentencing.
Sentence vacated and cause remanded.
Gorman, P.J., and Sundermann, J., concur.
[1] R.C. 2903.13(A).
[2] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ___ N.E.2d ___.
[3] Id. at ¶ 61.
[4] Id., paragraph one of the syllabus.
[5] See Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.