The **STATE** of Ohio, Appellee,

v.

**NELSON**, Appellant.

[Cite as *State v. Nelson*, 172 Ohio App.3d 419, 2007-Ohio-3459.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21633.

Decided July 6, 2007.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney; and Gregory P. Spears, for appellee.

Victor A. Hodge, for appellant.

GRADY, Judge.

{¶ 1} Defendant-appellant, Monte Nelson, appeals from the sentence he received for his conviction of having physical control of a vehicle while under the influence of alcohol or drugs.

{¶ 2} On January 30, 2005, defendant's vehicle was stopped by Clay Township police, and defendant was issued traffic citations for operating a motor vehicle while under the influence of alcohol or drugs ("OMVI"), R.C. 4511.19, fictitious plates, R.C. 4549.08, and a marked-lanes violation, R.C. 4511.25. Pursuant to a plea agreement, the OMVI charge was amended to having physical control of a vehicle while under the influence of alcohol or drugs, R.C. 4511.194(B)(1), and defendant entered a plea of no contest to that charge and was found guilty. In exchange, the state dismissed the remaining charges. The trial court sentenced defendant to ten days in jail, to be served in a manner that accommodates defendant's work schedule, and imposed fines totaling $400.

{¶ 3} Defendant has timely appealed to this court, challenging only his sentence.

## FIRST ASSIGNMENT OF ERROR

{¶ 4} "The trial court erred by failing to provide defendant a right of allocution."

{¶ 5} Crim.R. 32(A)(1) states:

{¶ 6} "At the time of imposing sentence, the court shall do all of the following:

{¶ 7} "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 8} Defendant argues that the trial court erred when it failed to ask him if he wished to make a statement in his own behalf prior to the court's imposing sentence. The state has conceded error in that regard. We agree.

{¶ 9} An examination of this record shows that while the court afforded defense counsel (who is mistakenly identified in the sentencing hearing transcript as the assistant prosecuting attorney) an opportunity to speak on behalf of defendant at sentencing, the court did not ask defendant whether he wished to make any statement. The trial court's failure to provide defendant with an opportunity to personally address the court and make a statement on his own behalf before sentence was imposed constitutes reversible error because Crim.R. 32(A)(1) imposes an affirmative duty upon the trial court to speak directly to a defendant on the record and inquire whether he or she wishes to exercise or waive the right of allocution. *State v. Cowen*, 167 Ohio App.3d 233, 2006-Ohio-3191, 854 N.E.2d 579, quoting *State v. Sexton* (Feb. 4, 2005), Greene App. No. 04CA14, 2005-Ohio-449, 2005 WL 281164. Accordingly, we must reverse the sentence imposed upon defendant and remand this matter for resentencing.

## SECOND ASSIGNMENT OF ERROR

{¶ 10} "The trial court failed to consider sentencing factors of R.C. 2929.22(B)."

{¶ 11} Defendant argues that the trial court failed to comply with R.C. 2929.22(B) and consider the factors set forth in that provision prior to imposing sentence for a misdemeanor. In support of that assertion, defendant points out that the trial court did not specifically comment upon any of the R.C. 2929.22(B) factors.

{¶ 12} In *State v. McCaleb* (Sept. 8, 2006), Greene App. No. 05CA155, 2006-Ohio-4652, 2006 WL 2578837, ¶ 40–41, this court observed:

{¶ 13} "The two overriding purposes of misdemeanor sentencing are (1) to protect the public from future crime by the offender and (2) to punish the offender. R.C. 2929.21(A). Unless a mandatory jail term is required, in imposing a sentence for a misdemeanor courts have discretion to determine the most effective way to achieve the purposes set out in R.C. 2929.21(A). R.C. 2929.22(A). In determining the appropriate sentence for a misdemeanor, the court must consider a number of factors, including the nature and circumstances of the offense, whether the offender's character and condition reveal a substantial risk that the offender will commit another offense or will be a danger to others, and any other factor relevant to achieving the purposes of misdemeanor sentencing. R.C. 2929.22(B)(1) and (2).

{¶ 14} "The sentence imposed in this case is within the statutory limits for a first degree misdemeanor. R.C. 2929.24(A)(1). When determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors. Rather, appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary. State v. Kelly (June 17, 2005), Greene App. No. 2004CA122, 2005-Ohio-3058 [2005 WL 1414446]."

{¶ 15} The trial court reviewed the presentence investigation report in this case. The court also questioned defendant about his previous OMVI convictions to determine the likelihood of recidivism, and inquired about defendant's employment status. The sentence imposed by the trial court was within the statutory limits for a first-degree misdemeanor. R.C. 2929.24(A)(1) and 2929.28(A)(2)(a)(i). These facts indicate that the trial court did consider the sentencing factors in R.C. 2929.22(B). Clearly, the record contains no affirmative showing to the contrary.

{¶ 16} Defendant's second assignment of error is overruled.

{¶ 17} Having sustained defendant's first assignment of error, his sentence is reversed and the matter is remanded to the trial court for resentencing.

Sentence reversed
and cause remanded.

BROGAN and WALTERS, JJ., concur.

SUMNER E. WALTERS, J., retired, of the Third District Court of Appeals, sitting by assignment.