[Cite as *State v. Ferrell*, 2011-Ohio-1180.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 95 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DAVID C. FERRELL, III | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 10TRD540

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:    Atty. Joseph Macejko
Youngstown City Prosecutor
26 S. Phelps Street
Youngstown, Ohio  44503

For Defendant-Appellant:    Atty. Robert J. Rohrbaugh, II
Robert J. Rohrbaugh, II, LLC
4800 Market Street, Suite A
Boardman, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  March 9, 2011

WAITE, P.J.

{1} Appellant David C. Ferrell III appeals the sentence imposed on him after entering a plea of no contest to two misdemeanor traffic offenses. Appellant argues that the trial judge failed to consider the purposes and principles of misdemeanor sentencing found in R.C. 2929.21-22. The state did not respond to this appeal. Appellant did not provide a transcript of the sentencing hearing, and without the transcript we must presume that the proceedings in the trial court were correct. Further, in the sentencing judgment entry the judge states that the court considered the statutory sentencing criteria. Based on the record provided for us on appeal, we affirm the judgment of the trial court.

{2} On March 29, 2010, Appellant was charged with one count of driving under suspension in violation of Youngstown Municipal Ordinance ("Ord.") 335.07(a), and failure to stop after an accident in violation of R.C. 4549.02(A). Both charges were first degree misdemeanors. On May 25, 2010, Appellant entered into a written Crim.R. 11 plea agreement. He agreed to plead no contest to operating a vehicle without a license, R.C. 4510.12(B)(2), a minor misdemeanor, and failure to stop after an accident, R.C. 4549.02(A), a first degree misdemeanor. He also agreed to pay $116.50 in restitution to the victim. The plea hearing and sentencing took place the same day. The trial court's sentencing entry was filed on May 25, 2010. The court sentenced Appellant to 60 days in jail, a $500 fine, restitution to the victim, and three years of probation. This appeal followed on June 15, 2010. No transcripts were ordered for this appeal. After Appellant filed his brief for this appeal, the state responded on August 12, 2010, with a document stating that it would not be filing a

brief. When an appellee fails to file a brief, App.R. 18(C) allows the appellate court to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

## ASSIGNMENT OF ERROR

{3} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PROPERLY CONSIDER THE PURPOSES AND APPROPRIATENESS OF MISDEMEANOR SENTENCING WHEN IMPOSING APPELLANTS [SIC] SENTENCE."

{4} Appellant argues that a judge sentencing a criminal defendant for misdemeanor crimes must consider the purposes and principles of misdemeanor sentencing found in R.C. 2929.21-22, and must consider the misdemeanor sentencing factors found in R.C. 2929.22. Appellant contends that the trial court did not abide by these statutes and that his sentence should be reversed.

{5} R.C. 2929.21(A) states:

{6} "A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the

offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."

{7} In general, a sentencing court should be guided by the overriding purposes of misdemeanor sentencing found in R.C. 2929.21(A), which are to protect the public from future crime by the offender and others, and to punish the offender. In order to achieve those purposes, the sentencing court is to consider the factors found in R.C. 2929.22, which include: the nature and circumstances of the offense; the impact of the offense upon the victim; the need for changing the offender's behavior; the need for rehabilitating the offender; the need for making restitution to the victim of the offense and to the public; whether the conduct was committed with heedless indifference to the consequences; whether the victim's age or any other factor made the impact of the offense more serious; whether the offender is likely to commit future crimes in general; or any other factor relevant to achieving the purposes and principles of sentencing. *State v. Gill*, 7th Dist. No. 09 MA 71, 2010-Ohio-5525, ¶14; *State v. Hause*, 12th Dist. No. CA2008-05-063, 2009-Ohio-548, ¶11.

{8} We stated in *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812:

{9} "According to R.C. 2929.22, the trial court must consider the criteria listed in that statute before sentencing someone convicted of a misdemeanor. However, the trial court is not required to recite on the record its reasons for imposing the sentence. Failure to consider the sentencing criteria is an abuse of discretion; but when the sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing otherwise.

Failing to explain the statutory reasons behind a certain sentence is only fatal if there are mitigating factors without any aggravating factors given at the sentencing hearing." (Citations omitted.) Id. at ¶24.

{10} Although a sentencing court formerly was required to make specific factual findings prior to imposing a maximum sentence, that requirement was eliminated after the Ohio Supreme Court's ruling in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470. Although *Foster* involved felony sentencing, we specifically invalidated as unconstitutional the requirement in R.C. 2929.22(C) that the trial judge make factual findings as a prerequisite to imposing a maximum misdemeanor sentence. *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-4610, ¶27-28, 34-38. The trial court did not impose the maximum jail term in this case, so there is no issue regarding whether or not the court should have made any specific factual findings to justify a maximum sentence.

{11} The sentencing court has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code. R.C. 2929.22(A). An appellate court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶15. An abuse of discretion means more than a mere error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

**{12}** The sentencing judgment entry states that "[t]he Court considered the statutory sentencing criteria." Appellant has not cited to any part of the record that contradicts this statement. Appellant argues that the trial court did not make a separate determination of the appropriateness of community control sanctions, and that this deficiency should entitle him to a new sentencing hearing. "Just as consideration of the principles and purposes of sentencing are presumed from a silent record, consideration of the appropriateness of a community control sanction is also presumed from a silent record as nothing in R.C. 2929.22(C) requires the court to evince its consideration on the record." *State v. Best*, 7th Dist. No. 08 MA 260-2009-Ohio-6806, ¶26, citing *State v. Cossack*, 7th Dist. No. 08MA161, 2009-Ohio-3327, ¶21-22, 29, and *State v. Friesen*, 3d Dist. No. 3-05-06, 2005-Ohio-5769, ¶23-24.

**{13}** Although the record, such as it exists, is silent as to the court's consideration of specific sentencing factors, including factors relating to community control, nothing here overcomes the presumption that the trial court considered all the proper factors in sentencing Appellant. Appellant's argument regarding community control sanctions is further contradicted by the fact that the court did impose a community control sanction as part of the sentence. Intensive probation supervision is listed as a community control sanction in R.C. 2929.27(A)(5), and the court imposed this as part of the sentence. A misdemeanor sentencing court may impose both a jail term and community control sanctions as part of the same sentence. R.C. 2929.25(A)(1)(a). In this case, the court imposed 60 days of jail time,

out of a possible maximum sentence of 180 days, and imposed a variety of other sanctions, including community control. Thus, Appellant's argument that the court did not consider whether to impose community control sanctions flies in the face of this record on appeal, because the court not only considered community control sanctions, but actually imposed them.

{14} Although the state did not reply to Appellant's arguments in this case, App.R. 18(C) does not require reversal on appeal simply due to a lack of response from the appellee. Based on the record as it exists, here, nothing in Appellant's brief reasonably justifies reversing the trial court's judgment. The judgment is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.