[Cite as *State v. Nuby*, 2016-Ohio-8157.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 MA 0036 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TIMESHA NUBY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Youngstown
                              Municipal Court of Mahoning County,
                              Ohio
                              Case No. 2015-CRB-311

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Kathleen Thompson
                              Assistant Prosecutor
                              26 South Phelps Street, 4th Floor
                              Youngstown, Ohio 44503


For Defendant-Appellant:      Atty. Robert Rohrbauth II
                              Atty. Robert Rohrbauth, II, LLC
                              3200 Belmont Avenue, Suite 6
                              Youngstown, Ohio  44505

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro


                              Dated:  December 9, 2016

ROBB, J.

{¶1} Defendant-Appellant Timesha Nuby appeals the sentence entered by the Youngstown Municipal Court. She contends the court failed to consider the misdemeanor sentencing factors. However, a court sentencing for a misdemeanor is not required to make findings in its entry. We presume the court considered the statutory factors in the absence of evidence to the contrary. Appellant failed to provide the sentencing transcript, and thus, the presumption the court considered the sentencing factors prevails. The trial court's judgment is affirmed.

## STATEMENT OF THE CASE

{¶2} On March 9, 2015, a complaint for assault was filed against Appellant alleging she knowingly caused or attempted to cause physical harm in violation of R.C. 2903.13(A), a first degree misdemeanor. Appellant pled no contest to assault on June 18, 2015. She was advised the maximum sentence for a first degree misdemeanor was 180 days in jail. *See* R.C. 2929.24(A)(1). The court sentenced her to three days in jail and one year of basic probation. She was fined $150 and ordered to pay $100 as reimbursement for community control; payment was due by August 30, 2015, but she could perform community service in lieu of payment.

{¶3} On November 13, 2015, notice of a probation violation was filed. The notice disclosed Appellant was convicted of obstructing official business, a second degree misdemeanor, on October 27, 2015. In addition, she owed $240 in sanctions as she failed to pay by the date ordered and failed to complete community service in lieu of payment.

{¶4} On January 20, 2016, Appellant appeared with counsel and stipulated to probable cause for the violation. The case was set for a final probation violation hearing on March 17, 2016. On that date, the trial court found Appellant violated the terms of her community control and sentenced her to 177 days of incarceration. The within timely appeal followed.

## MISDEMEANOR SENTENCING STATUTES

{¶5} The two overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender and others.

R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id. See also* R.C. 2929.21(B) (the sentence shall be reasonably calculated to achieve the two overriding purposes, commensurate with and not demeaning to the seriousness of the conduct and its impact on the victim and consistent with sentences imposed on similar offenders for similar offenses).

{¶6} R.C. 2929.22(A) provides a court imposing sentence for a misdemeanor with "discretion to determine the most effective way to achieve the purposes and principles of sentencing" provided in R.C. 2929.21. Unless a specific sentence is required, a court that imposes a sentence upon an offender for a misdemeanor may impose any sanction or combination of sanctions under R.C. 2929.24 through 2929.28. R.C. 2929.22(A).

{¶7} Pursuant to R.C. 2929.22(B)(1), the court shall consider all of the following factors in determining the appropriate sentence for a misdemeanor:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

The court may consider any other relevant factor as well. R.C. 2929.22(B)(2).

**{¶8}** Before imposing a jail term, the court is to consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C). Division (C) also states a maximum jail term can be imposed "only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C).

**{¶9}** This court and others have ruled the misdemeanor sentencing court is not bound by this provision to the extent it requires judicial fact-finding for a maximum sentence as prohibited in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *See State v. Harris*, 7th Dist. No. 11 MA 184, 2012-Ohio-5612, ¶ 19; *State v. Ferrell*, 7th Dist. No. 10 MA 95, 2011-Ohio-1180, ¶ 10; *State v. Gill*, 7th Dist. No. 09 MA 71, 2010-Ohio-5525, ¶ 17, citing *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-4610, ¶ 27-28, 34-38; *State v. Simms*, 10th Dist. No. 05AP-806, 2006-Ohio-2960, ¶ 20; *State v. Miller*, 1st Dist. No. C050821, 2006-Ohio-2337, ¶ 7.

**{¶10}** A misdemeanor sentence is reviewed for an abuse of discretion. *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, ¶ 9. *See also* R.C. 2929.22(A) (providing the sentencing court with discretion to determine the most effective way to achieve the purposes and principles of sentencing). An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

ASSIGNMENT OF ERROR

**{¶11}** Appellant's sole assignment of error provides:

"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE."

**{¶12}** Appellant complains the trial court failed to make specific findings in the sentencing entry to support the imposition of a maximum sentence. She believes the court failed to consider the requirements of the misdemeanor sentencing statute. Appellant quotes from R.C. 2929.22(A), (B)(1), and (C). She recognizes the court sentencing for a misdemeanor occupies the best position to weigh the statutory factors and the court's weighing of the factors shall not be reversed absent an abuse of discretion. She quotes, "the failure of the court to weigh the factors mandated by R.C. 2929.22 amounts to a failure to exercise the discretion vested in the court by the legislature." *See City of Cincinnati v. Clardy*, 57 Ohio App.2d 153, 156, 385 N.E.2d 1342 (1st Dist.1978).

**{¶13}** A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶ 24. Nevertheless, the court sentencing for a misdemeanor is not required to state on the record its consideration of sentencing factors. *State v. Wallace*, 7th Dist. No. 12 MA 180, 2013-Ohio-2871, ¶ 16, 18; *Crable*, 7th Dist. No. 04 BE 17 at ¶ 24. "When determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors." *State v. Nelson*, 172 Ohio App.3d 419, 2007-Ohio-3459, 875 N.E.2d 137, ¶ 14 (2d Dist.). *See also State v. Williams*, 4th Dist. No. 15CA3, 2016-Ohio-733, ¶ 23.

**{¶14}** The reviewing court is to presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. No. 08 MA 260, 2009-Ohio-6806, ¶ 14; *Crable*, 7th Dist. No. 04 BE 17 at ¶ 24. *See also State v. Jones*, 1st Dist. No. C-140241, 2015-Ohio-490, ¶ 20; *Nelson*, 172 Ohio App.3d 419 at ¶ 14; *State v. Ramirez*, 3d Dist. No. 13-04-30, 2005-Ohio-1430, ¶ 30. A silent record creates a rebuttable presumption that the sentencing court considered

the statutory misdemeanor sentencing criteria. *Wallace*, 7th Dist. No. 12 MA 180 at ¶ 16; *Best*, 7th Dist. No. 08 MA 260 at ¶ 14; *Crable*, 7th Dist. No. 04 BE 17 at ¶ 24-25.

**{¶15}** "The burden of demonstrating this error falls to the appellant." *State v. Endress,* 9th Dist. No. 08CA0011-M, 2008-Ohio-4498, ¶ 4. Appellant has pointed to no facts to rebut this presumption. The sentencing entry does not affirmatively show the court did not consider the statutory factors.

**{¶16}** Courts often use the sentencing transcript to show the court did, in fact, evince its consideration of the factors on the record, even though the court need not make findings on the record. *See, e.g., State v. McColor*, 7th Dist. No. 11 MA 64, 2013-Ohio-1279, ¶ 19. *See also Williams*, 4th Dist. No. 15CA3 at ¶ 25 ("There is nothing in the transcript of the sentencing hearing or the sentencing entry that affirmatively shows that the trial court did not consider the appropriate factors in R.C. 2929.22."); *State v. Seidowsky*, 9th Dist. No. 13CA0037-M, 2015-Ohio-4311, ¶ 8; *Nelson*, 172 Ohio App.3d 419 at ¶ 15 (noting the questions the court asked the defendant at sentencing). Likewise, in some cases the defendant may be able to utilize the court's statements at sentencing to rebut the presumption that the court considered the sentencing factors.

**{¶17}** Appellant failed to submit the sentencing transcript, instead proposing a legal premise contrary to that followed in this district and others. We reject the legal premise raised and maintain the holding that the reviewing court presumes the trial court considered the misdemeanor sentencing factors in the absence of an affirmative showing to the contrary. In other words, the mere failure to evince consideration of the misdemeanor sentencing factors in the sentencing entry is not a legal error.

**{¶18}** In the absence of a sentencing transcript, we presume the regularity of the sentencing hearing. *Endress,* 9th Dist. No. 08CA0011-M at ¶ 4-6. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197,

199, 400 N.E.2d 384 (1980). *See also State v. Dates*, 7th Dist. No. 15 MA 0195, 2016-Ohio-3297, ¶ 19-20.

**{¶19}** Upon overruling the legal argument made by Appellant, we cannot review the sentencing court's exercise of discretion in this case; we are unaware of what transpired at the sentencing hearing and what information was disclosed or utilized. For instance, the court shall consider any relevant oral or written statement made by the victim, the defendant, the defense attorney, or the prosecuting authority regarding sentencing for a misdemeanor. R.C. 2929.22(D)(1). In any event, Appellant does not raise abuse of discretion on appeal but argues only the court failed to exercise its discretion.

**{¶20}** As Appellant did not meet her burden with affirmative evidence rebutting the presumption that the sentencing court exercised its discretion and considered the statutory factors, Appellant's assignment of error is overruled. Accordingly, the trial court's judgment is affirmed.



Donofrio, P.J., concurs.

DeGenaro, J., concurs.