[Cite as *State v. Burley*, 2017-Ohio-378.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 MA 0076 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LOUIS BURLEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Youngstown
                                                        Municipal Court of Mahoning County,
                                                        Ohio
                                                        Case No. 2015 TRD 163
                                                                      2015 TRD 1934

JUDGMENT:                                   Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                    Atty. Kathleen Thompson
                                                        Assistant Prosecutor
                                                        26 South Phelps Street, 4th Floor
                                                        Youngstown, Ohio 44503

For Defendant-Appellant:               Atty. Robert Rohrbaugh II
                                                        Atty. Robert J. Rohrbaugh, II, LLC
                                                        3200 Belmont Avenue, Suite 6
                                                        Youngstown, Ohio  44505

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: February 1, 2017

ROBB, P.J.

{¶1} Defendant-Appellant Louis Burley appeals the sentencing decision of the Youngstown Municipal Court. He contends the trial court abused its discretion in imposing maximum consecutive sentences after finding he committed multiple probation violations. He claims the court disregarded the misdemeanor sentencing factors. Appellant's sole assignment of error is overruled, and the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} In January 2015, Appellant was cited for driving under suspension ("DUS") in violation of R.C. 4510.11(A), a fourth-degree misdemeanor. This resulted in Youngstown Municipal Court Case Number 15 TRD 163. In June 2015, Appellant was cited for another DUS and excessive vehicular sound amplification in violation of Youngstown Codified Ordinance 539.07(b), a first-degree misdemeanor. This resulted in Youngstown Municipal Court Case Number 15 TRD 1934.

{¶3} On August 28, 2015, Appellant pled no contest in each case. In 15 TRD 163, Appellant was sentenced to ten days in jail and one year of intensive probation with orders to obey all laws; he was fined $100 plus court costs. In 15 TRD 1934, Appellant was sentenced to one year of intensive probation with orders to obey all laws and fined $100 plus court costs on each count. In both cases, payment was to be made by December 31, 2015 with the opportunity to perform community service in lieu of payment.

{¶4} In March 2016, Appellant was served with notice of probation violations in both cases. The notice charged: failure to report to probation on February 8, February 22, and March 21, 2016; failure to obey all laws due to a February 18, 2016 conviction for a third-degree misdemeanor DUS; and failure to complete community service in lieu of paying financial sanctions. Appellant stipulated to probable cause for the violations, and he later stipulated to a finding of guilt on the probation violations. (Tr. 3-4).

{¶5} At the May 31, 2016 hearing, defense counsel said Appellant paid the financial sanctions in April 2016. Counsel said Appellant needed to pay $2,000 before he could obtain his license. (Tr. 5). Counsel explained Appellant was

incapacitated after a car accident that occurred on January 21, 2016; he said he was not driving. (Tr. 4-5). Regarding the failure to report, Appellant added, "I had my dates mixed up." (Tr. 7). He also said he called the probation department, but he talked to someone other than his probation officer. (Tr. 12). He denied receiving a letter after missing the February report date, noting it was probably sent to his mother's house. (Tr. 12).

{¶6} The court found Appellant violated the terms of his probation in three different ways. In 15 TRD 163, the court imposed 20 days in jail. In 15 TRD 1934, the court imposed 180 days for loud music consecutive to 30 days for DUS. Appellant's total jail time was 210 days as the sentences in the two cases ran concurrent. (Tr. 14); (May 31, 2016 Sent. J.E.).[1] Appellant filed a timely notice of appeal captioned with both trial court case numbers.

MISDEMEANOR SENTENCING STATUTES

{¶7} The two overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender and others. R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id. See also* R.C. 2929.21(B) (the sentence shall be reasonably calculated to achieve the two overriding purposes, commensurate with and not demeaning to the seriousness of the conduct and its impact on the victim and consistent with sentences imposed on similar offenders for similar offenses).

{¶8} R.C. 2929.22(A) provides a court imposing sentence for a misdemeanor with "discretion to determine the most effective way to achieve the purposes and principles of sentencing" provided in R.C. 2929.21. Unless a specific sentence is required, a court that imposes a sentence upon an offender for a

---

[1]The state's brief calculates the total sentence as 230 days, believing the 20-day sentence in 15 TRD 163 was imposed consecutively to the 210-day sentence in 15 TRD 1934. Although the trial court imposed consecutive sentences as to the two offenses within 15 TRD 1934 (180 days plus 30 days for a total of 210 days in jail), the court did not specify the sentences in the two separate cases were to run consecutively at the hearing or in an entry. Sentences run concurrently unless the trial court specifies they are to run consecutively. R.C. 2929.41(A), (B)(1).

misdemeanor may impose any sanction or combination of sanctions under R.C. 2929.24 through 2929.28. R.C. 2929.22(A). Pursuant to R.C. 2929.22(B)(1), the court shall consider all of the following factors in determining the appropriate sentence for a misdemeanor:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

The court may consider any other relevant factor as well. R.C. 2929.22(B)(2).

{¶9} Before imposing a jail term, the court is to consider the appropriateness of imposing a community control sanction. R.C. 2929.22(C). Division (C) also states a maximum jail term can be imposed "only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior

sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C). This court and others have ruled the misdemeanor sentencing court is not bound by this provision to the extent it requires judicial fact-finding for a maximum sentence as prohibited in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *See, e.g., State v. Harris*, 7th Dist. No. 11 MA 184, 2012-Ohio-5612, ¶ 19; *State v. Ferrell*, 7th Dist. No. 10 MA 95, 2011-Ohio-1180, ¶ 10; *State v. Gill*, 7th Dist. No. 09 MA 71, 2010-Ohio-5525, ¶ 17, citing *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-4610, ¶ 27-28, 34-38; *State v. Simms*, 10th Dist. No. 05AP-806, 2006-Ohio-2960, ¶ 20; *State v. Miller*, 1st Dist. No. C050821, 2006-Ohio-2337, ¶ 7.

**{¶10}** A jail term for a misdemeanor shall be served consecutively with any other jail term when the trial court specifies it is to be served consecutively. R.C. 2929.41(B)(1) (with the aggregate term not to exceed 18 months). In contrast to consecutive prison terms for felonies imposed under R.C. 2929.14(C)(4), trial courts are authorized to order consecutive jail terms for misdemeanor offenses (up to 18 months) without making consecutive sentence findings. *State v. Alexander*, 8th Dist. No. 102708, 2016-Ohio-204, ¶ 4.

**{¶11}** A misdemeanor sentence is reviewed for an abuse of discretion. *State v. Nuby*, 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Reynolds*, 7th Dist. No. 08-JE-9, 2009-Ohio-935, ¶ 9. *See also* R.C. 2929.22(A) (providing the sentencing court with discretion to determine the most effective way to achieve the purposes and principles of sentencing). An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A decision is unreasonable if it is unsupportable by any sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990) (arguments on abuse of discretion typically contend a decision was unreasonable, rather than unconscionable or arbitrary).

<u>ASSIGNMENT OF ERROR</u>

**{¶12}** Appellant's sole assignment of error provides:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN SENTENCING APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES FOR HIS PROBATION VIOLATION."

{¶13} Appellant quotes R.C. 2929.22(A) through (D) and contends the trial court failed to engage in the requisite analysis before imposing sentence on Appellant. He states the court disregarded the sentencing criteria, failed to discuss the factors, and was motivated by factors other than those listed in the statute.

{¶14} A trial court must consider the criteria of R.C. 2929.22 and the principles of R.C. 2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812, ¶ 24. Nevertheless, a court sentencing for a misdemeanor is not required to state on the record its consideration of the sentencing factors. *State v. Wallace*, 7th Dist. No. 12 MA 180, 2013-Ohio-2871, ¶ 16, 18; *Crable*, 7th Dist. No. 04 BE 17 at ¶ 24. "When determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors." *State v. Nelson*, 172 Ohio App.3d 419, 2007-Ohio-3459, 875 N.E.2d 137, ¶ 14 (2d Dist.). *See also State v. Williams*, 4th Dist. No. 15CA3, 2016-Ohio-733, ¶ 23.

{¶15} The reviewing court is to presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. No. 08 MA 260, 2009-Ohio-6806, ¶ 14; *Crable*, 7th Dist. No. 04 BE 17 at ¶ 24. *See also State v. Jones*, 1st Dist. No. C-140241, 2015-Ohio-490, ¶ 20; *Nelson*, 172 Ohio App.3d 419 at ¶ 14; *State v. Ramirez*, 3d Dist. No. 13-04-30, 2005-Ohio-1430, ¶ 30. A silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria. *Wallace*, 7th Dist. No. 12 MA 180 at ¶ 16; *Best*, 7th Dist. No. 08 MA 260 at ¶ 14; *Crable*, 7th Dist. No. 04 BE 17 at ¶ 24-25.

{¶16} "The burden of demonstrating this error falls to the appellant." *State v. Endress,* 9th Dist. No. 08CA0011-M, 2008-Ohio-4498, ¶ 4. Here, the sentencing entry does not affirmatively show the court failed to consider the statutory factors. "[T]he mere failure to evince consideration of the misdemeanor sentencing factors in the sentencing entry is not a legal error." *Nuby*, 7th Dist. No. 16 MA 0036 at ¶ 17.

{¶17} "[I]n some cases the defendant may be able to utilize the court's statements at sentencing to rebut the presumption that the court considered the sentencing factors." *Nuby*, 7th Dist. No. 16 MA 0036 at ¶ 16. Appellant's argument the court disregarded the sentencing factors can be overruled if "[t]here is nothing in the transcript of the sentencing hearing or the sentencing entry that affirmatively shows that the trial court did not consider the appropriate factors in R.C. 2929.22." *Williams*, 4th Dist. No. 15CA3 at ¶ 25.

{¶18} In support of his claim that the trial court did not consider the statutory factors and was instead motivated by a factor other than those listed, Appellant points to statements made by the trial court at sentencing, such as: "I don't play"; "You got to do what you got to do or you get to go to jail"; and "If you decide you want to play with me okay. You decide you want to take me on, okay. Now, you get to suffer the consequences for having done that." (Tr. 13). Appellant states this shows an unreasonable, arbitrary, and unconscionable attitude on the part of the trial court.

{¶19} The state urges it was obvious the prior imposition of community control did not deter Appellant from committing a similar offense. As the state points out, the trial court made observations indicating it considered the pertinent sentencing factors. Certain comments suggest the court held the opinion that Appellant's behavior of driving under suspension was persistent and he posed a risk of reoffending. *See* R.C. 2929.22(B)(1)(b), (e). Appellant had a new offense, and he still did not have a license. The court considered the nature of the offenses and the circumstances of the probation violations. *See* R.C. 2929.22(B)(1)(a). Other statutorily-listed factors were not relevant. *See* R.C. 2929.22(B)(1)(c) (characteristics of victim),(f) (contributing condition traceable to armed forces service), (g) (military service record). The trial court was permitted to consider any other relevant factors. R.C. 2929.22(B)(2). We note the offense of excessive vehicular sound amplification occurred at 12:35 a.m.

{¶20} Furthermore, the particular statements of the trial court quoted by Appellant cannot be read in isolation. The totality of the record governs. One overriding purpose of misdemeanor sentencing is to punish the offender. R.C. 2929.21(A). *See also* R.C. 2929.22(A), citing R.C. 2929.21. The other is to protect

the public from future crime by the offender and others. *Id.* One way to do this is to deter an offender from violating the terms of his probation. The trial court emphasized how Appellant violated probation in "three different ways." As aforementioned, Appellant: failed to report to probation on February 8, February 22, and March 21, 2016; was convicted of another DUS in February 2016, when he was already on probation for two different DUS violations; and failed to complete community service by December 31, 2015 in lieu of paying his fines and court costs.

**{¶21}** The trial court did not find Appellant's excuses sufficient considering the time involved. The court voiced Appellant should have communicated better with the probation department. The trial court observed Appellant's demeanor and may have believed certain excuses were insincere. *See* R.C. 2929.22(D)(1). As the state urges, the trial court could rationally conclude Appellant's response to prior sanctions weighed in favor of a maximum sentence.

**{¶22}** In addition, the record does not affirmatively show the court failed to consider the misdemeanor sentencing criteria in R.C. 2929.22. The maximum sentence for driving under suspension was warranted. Although the sentence for excessive vehicular sound amplification may seem harsh to Appellant,[2] the sentence is not unreasonable, arbitrary, or unconscionable. We do not substitute our judgment for that of the sentencing court. This is a probation violation case, one where the defendant failed to comply in multiple distinct ways. Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.

---

[2] The potential to be sentenced to 180 days in jail for loud music is a result of Youngstown City Ord. 539.07(b)(5), defining the offense of excessive vehicular sound amplification as a first-degree misdemeanor.