**[Cite as *State v. Moreno*, 2024-Ohio-2055.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2023-0052 |
| SHARON MORENO | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the County Court, Case No. CRB2200487

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 29, 2024

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

APRIL F. CAMPBELL
CAMPBELL LAW, LLC
545 Metro Place
Suite 100
Dublin, Ohio 43017

*Wise, J.*

**{¶1}**   Defendant-Appellant Sharon Moreno appeals her conviction and sentence entered in the Muskingum County Court following a no-contest plea on two counts of child endangering.

**{¶2}**   Plaintiff-Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}**   The limited facts and procedural history are as follows:

**{¶4}**   Appellant Sharon Moreno was charged in Muskingum County Court with three counts of Child Endangering, in violation of R.C. §2919.22, all first-degree misdemeanors.

**{¶5}**   On June 26, 2023, pursuant to a plea agreement, Appellant entered a plea of no contest to two counts of child endangering, Counts 1 and 3. The State of Ohio nolled the remaining count. Appellant's counsel stipulated to the facts to support this plea. (T. at 6). Appellant agreed to that stipulation. *Id.* Due to said stipulation to the facts, there are no facts on the record as to what constituted the child endangering offenses.

**{¶6}**   Prior to Appellant entering her plea on the record, the prosecution informed the trial court that the parties had reached a plea agreement and that the parties joint recommendation was a thirty-day jail sentence with work release. *Id.* (T. at 4). The trial court informed Appellant it would not be following this joint recommendation. (T. at 4).

**{¶7}**   At sentencing, the victim's Aunt spoke as their representative. She had previously submitted a letter to the trial court advocating for the maximum sentence. She informed the judge that she objected to the recommendation and asked for the trial court

to impose maximum sentences. (T. at 9-10). Appellant contested much of the allegations made by the Aunt. (T. at 14.)

**{¶8}** Counsel for Appellant then offered mitigation as to Appellant's rehabilitation, stating that she had been actively working her case plan with Child Protective Services for the year the case was pending, that she was in therapy, and that she was seeing a psychiatrist weekly. (T. at 10-11). Counsel also stated that Appellant was taking medication to address the underlying concerns. (T. at 19).

**{¶9}** The trial court then proceeded to sentencing, imposing a ninety-day jail sentence on each count, to be served consecutively for an aggregate sentence of 180 days in jail.

**{¶10}** Appellant now appeals, raising the following assignments of error for review:

## ASSIGNMENTS OF ERROR

**{¶11}** "I. MORENO'S PLEA AND SENTENCED [SIC] SHOULD BE REVERSED BECAUSE MORENO WAS PROMISED WORK RELEASE, BUT SHE DID NOT GET IT.

**{¶12}** "II. MORENO'S SENTENCES SHOULD BE REVERSED BECAUSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES SHOULD BE VACATED.

**{¶13}** "III. MORENO'S SENTENCES SHOULD BE REVERSED: THE TRIAL COURT'S DECISION TO IMPOSE A JAIL TERM FAILED TO COMPLY WITH MISDEMEANOR SENTENCING STATUTES. THE TRIAL COURT FAILED TO CONSIDER MORENO'S REHABILITATION."

**I.**

{¶14} In her first assignment of error, Appellant argues that her plea and sentence should be reversed because the trial court erred in not granting her work release. We disagree.

{¶15} As conceded by Appellant in her brief, the record in this matter contains no promises made by the trial court to Appellant promising her that it will grant her work-release.

{¶16} Our appellate review is limited to the record before us and the record in this case is devoid of any promises by the trial court concerning work release. Appellate review is strictly limited to the record. *State v. Brown*, 5th Dist. Richland No. 2022 CA 0042, 2023-Ohio-3906, ¶ 68, citing *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). "The duty to insure that the record on appeal is complete falls upon the appellant." *Heinrichs v. 356 Registry, Inc.*, 10th Dist. No. 15AP-532, 2016-Ohio-4646, 70 N.E.3d 91, 2016 WL 3522293, ¶ 68 quoting *Greff v. Meeks & Co.*, 10th Dist. No. 96APE05–692, 1997 WL 15134 (Jan. 16, 1997). *See also* App.R. 9(B)(1). "The duty of submitting the record falls upon an appellant because it is he who bears the burden of showing error by reference to matters in the record." *Id.* quoting *Watley v. Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP–1128, 2007-Ohio-1841, 2007 WL 1153050, ¶ 16. Thus, when portions of the record "necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶17}  An appellate court addressing a direct appeal is not permitted to add matter to the record which was not part of the trial court proceedings. *See, e.g., State v. Hill,* 90 Ohio St.3d 571, 573, 740 N.E.2d 282, 2001-Ohio-20, *citing State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.

{¶18}  Based on the foregoing, we find Appellant's first assignment of error not well-taken and overrule same.

### II., III.

{¶19}  In her second and third assignments of error, Appellant argues the trial court erred in imposing consecutive sentences and further failed to comply with misdemeanor sentencing statutes. We disagree.

*Misdemeanor Sentencing*

{¶20}  Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Thadur*, 5th Dist. Ashland No. 15 COA 018, 2016-Ohio-417, 59 N.E.3d 602, ¶ 11, *citing State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21, internal citation omitted. *See also State v. Chadwick*, 5th Dist. Knox No. 08CA15, 2009-Ohio-2472, ¶ 30; *State v. Lewis,* 5th Dist. Fairfield No. 2006-CA-00066, 2007 WL 270448 (Sept. 12, 2007), ¶19. To find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not

justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, ¶54.

**{¶21}** R.C. §2929.22 lists factors that a sentencing court must consider when it imposes a sentence,

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶22}** R.C. §2929.21 sets forth the criteria to be considered in imposing a jail term for a misdemeanor:

(A) A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior,

rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

(B) A sentence imposed for a misdemeanor or minor misdemeanor violation of a Revised Code provision or for a violation of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

{¶23} Under R.C. §2929.21(A) and (B), to achieve the purposes of protecting the public from future crime and punishing the offender, the sentencing court is to *inter alia* consider the offender's conduct, the impact of the offender's conduct on the victims, and the consistency of the sentence with sentences for similar offenses. *State v. Frank*, 5th Dist. Muskingum No. CT2017-0102, 2018-Ohio-5148, 127 N.E.3d 363, ¶ 55 *citing Thadur*, 2016-Ohio-417, 59 N.E.3d 602, ¶ 15.

{¶24} A trial court must consider the criteria of R.C. §2929.22 and the principles of R.C. §2929.21 before imposing a misdemeanor sentence. *State v. Crable*, 7th Dist. No. 04 BE 17, 2004-Ohio-6812, 2004 WL 2913280, ¶ 24. However, in misdemeanor sentencing, there is no requirement that a trial court specifically state its reasons for imposing the sentence that it does on the record. *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046."; *State v. Wallace*, 7th Dist. No. 12 MA 180, 2013-Ohio-2871, 2013 WL 3368417, ¶ 16, 18. "When determining a misdemeanor sentence, R.C.

2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors." *State v. Nelson*, 172 Ohio App.3d 419, 2007-Ohio-3459, 875 N.E.2d 137, ¶ 14 (2d Dist.). *See also State v. Williams*, 4th Dist. No. 15CA3, 2016-Ohio-733, ¶ 23.

**{¶25}** The reviewing court is to presume the trial judge made the required considerations absent an affirmative showing to the contrary. *State v. Best*, 7th Dist. No. 08 MA 260, 2009-Ohio-6806, 2009 WL 4985170, ¶ 14; *See also State v. Jones*, 1st Dist. No. C-140241, 2015-Ohio-490, 2015 WL 627217, ¶ 20; *Nelson*, 172 Ohio App.3d 419, 2007 -Ohio- 3459, 875 N.E.2d 137 at ¶ 14; *State v. Ramirez*, 3d Dist. No. 13-04-30, 2005-Ohio-1430, 2005 WL 696868, ¶ 30. A silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria. *Wallace*, 7th Dist. No. 12 MA 180 at ¶ 16; *Best*, 7th Dist. No. 08 MA 260 at ¶ 14.

**{¶26}** "The burden of demonstrating this error falls to the appellant." *State v. Endress*, 9th Dist. No. 08CA0011-M, 2008-Ohio-4498, 2008 WL 4115838, ¶ 4.

**{¶27}** Here, the sentencing entry does not affirmatively show the trial court failed to consider the statutory factors. "[T]he mere failure to evince consideration of the misdemeanor sentencing factors in the sentencing entry is not a legal error." *State v. Nuby*, 7th Dist. No. 16 MA 0036 at ¶ 17.

*Consecutive Sentences*

**{¶28}** R.C. §2929.41(B)(1) provides, in relevant part,

> (B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served

consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

**{¶29}** R.C. §2929.41(B)(1) does not require the trial court use particular language when ordering sentences to be served consecutively. *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, 2016 WL 299272, ¶ 2.

**{¶30}** Appellant argues the trial court failed to make the statutory findings for consecutive sentences pursuant to R.C. §2929.14(C)(4). Appellant herein was not convicted of any felonies, only misdemeanors. "R.C. 2929.14(C)(4) does not apply to a conviction that includes consecutive service of misdemeanor jail terms." *State v. Cunningham*, 5th Dist. Fairfield No. 2022 CA 00008, 2022-Ohio-3982, ¶ 58, citing *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, 2016 WL 299272, ¶ 2.

**{¶31}** Further, as explained by the Eighth District Court of Appeals, R.C. 2929.14(C)(4) is limited to the imposition of consecutive "prison terms" and not "jail terms." *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, 2016 WL 299272, ¶ 6 citing *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, ¶ 7; *State v. Maloney*, 12th Dist. Clermont No. CA99-01-006, 1999 Ohio App. LEXIS 4600, *7,1999 WL 760923, *—— (Sept. 27, 1999); *State v. Kroger*, 12th Dist. Clermont No. CA99-05-050, 2000 Ohio App. LEXIS 1393, 2000 WL 342130 (Apr. 3, 2000). The court of appeals clarified:

"Prison" is defined as a residential facility used for the confinement of convicted felony offenders under the control of the Department of Rehabilitation and Correction. R.C. 2929.01(AA). On the other hand, "jail term" is defined as a jail sentence imposed pursuant to the misdemeanor sentencing statute, R.C. 2929.24. Prison and jail are two separate types of imprisonment.

*Id.*

**{¶32}** We therefore find no error in the trial court ordering the misdemeanor sentences to be served consecutively without making statutory findings pursuant to R.C. §2929.14(C)(4).

*Conclusion*

**{¶33}** Appellant pled to and was convicted of two misdemeanors of the first degree. The two 90-day jail terms are within the statutory range for a misdemeanor of the first degree. R.C. §2929.24(A)(1). The aggregate 180-day sentence does not exceed the permissible sentence for multiple offenses as set forth in R.C. §2929.41(B)(1). Accordingly, an aggregate sentence of 180 days in this case is not contrary to law.

**{¶34}** Upon a review of the record in this case, we find no abuse of discretion by the trial court in sentencing Appellant to two consecutive 90-day terms for an aggregate sentence of 180 days in jail. The sentence is within the statutory range for a misdemeanor of the first degree. The 180-day sentence does not exceed the permissible sentence for multiple offenses as set forth in R.C. §2929.41(B)(1).

**{¶35}** The trial court's sentence is not legally incorrect or untenable. Further, the sentence does not amount to a denial of justice, or reach an end or purpose not justified by reason and the evidence.

**{¶36}** Accordingly, the judgment of the County Court, Muskingum County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

King, J., concur.

JWW/kw 0523